FRANK B. WILLIAMS v. THE BUCHANAN MANUFACTURING COMPANY, PRINCIPAL DEFENDANT, AND THE HARTFORD FIRE INSURANCE COMPANY, GARNISHEE DEFENDANT.

*Fire insurance—Mortgage interest—Garnishment.*

A manufacturing company mortgaged its property in trust for creditors, after which it suspended active operations, and the mortgagees took possession of the property. The property was destroyed by fire, and a compromise was effected between the

mortgagor and mortgagees and an insurance company, which
had written policies on the property payable in case of loss to
the mortgagees, by which the insurance company agreed to
pay a certain percentage of the insurance. Before making
such payment, the insurance company was garnished at the
suit of one of the mortgagor's creditors. There was no evi-
dence to authorize the jury to find that the compromise was
fraudulent, and the evidence showed that the amount of the
insurance, as agreed upon, would not satisfy the debts secured
by the mortgage. And it is held that a verdict was properly
directed in favor of the garnishee defendant.

Error to Berrien. (O'Hara, J.) Argued June 22, 1894.
Decided September 25, 1894.

Garnishment proceedings. Plaintiff brings error. Af-
firmed. The facts are stated in the opinion.

*George S. Clapp,* for appellant.

*Edward Bacon,* for garnishee defendant.

McGRATH, C. J. In June, 1888, the Buchanan Manufac-
turing Company executed two chattel mortgages,—one to
Alfred F. Ross, cashier of the Farmers' & Manufacturers'
Bank of Buchanan, in the sum of $28,686.77, to secure
the payment to the bank aforesaid, and to other banks
and individuals, of certain outstanding obligations. On
the same day, the said company executed another chattel
mortgage, to Minnie Weisgerber and Alfred F. Ross, cashier,
etc., in the sum of $18,647.66, to secure Minnie Weisgerber
upon $13,647.66 of its obligations, and the bank upon two
notes of $2,500 each. On November 4 the works of the
principal defendant were destroyed by fire, with the major
portion of all stock and material on hand. At the time
of the fire, said company held three insurance policies in
the Hartford Fire Insurance Company, aggregating $3,375,
and other policies in other companies, the entire insurance
amounting in the aggregate to about $20,000. Four of the
policies were payable, in case of loss, to the Farmers' &

Manufacturers' Bank. All the others, including those issued by the garnishee defendant, were payable to Minnie Weisgerber and the Farmers' & Manufacturers' Bank. It appears that, before the fire, the company had ceased to operate its works, and certain of the mortgagees had taken possession. The answer of the garnishee defendant sets up that by the giving of these mortgages, the cessation of the operation of the works, and the taking of possession thereof by the mortgagees, the policies had become forfeited. Proofs of loss were, however, furnished, and a conference was had in December, 1888, between the representatives of the various insurance companies and the mortgagees and the representative of the principal defendant, and at such conference a compromise was effected, and it was agreed that the companies should pay to the mortgagees 70 per cent. of the amount of the policies in full thereof. At the time that such compromise was agreed upon, certain proceedings in garnishment were pending; but for some reason they were afterwards dismissed, and the present writ of garnishment was issued on March 1, following, before, however, any moneys were paid over under that arrangement.

Upon the trial, the court below directed a verdict for defendant, and, we think, properly. There was no evidence that would have authorized the jury to find that the compromise effected between the principal defendant, the insurance companies, and the mortgagees was fraudulent. The insurance was payable to the mortgagees. There was abundant evidence that the amount of the insurance, as agreed upon, did not satisfy the indebtedness secured by the mortgages, and the record does not disclose any evidence tending to show that a surplus remained.

The judgment is affirmed.

Long, Grant, and Hooker, JJ., concurred. Montgomery, J., did not sit.